UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RICKY D. TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-440-TLS |
| | ) | |
| JENNIFER CALHOUN, DWIGHT | ) | |
| MILLER, SAMANTHA HAMMOND, | ) | |
| LANCE WATERS, ROB WILEY, and | ) | |
| AUSTIN HOLLABAUGH | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants', Jennifer Calhoun and Austin Hollabaugh [ECF No. 56], Dwight Miller, Lance Waters, and Rob Wiley [ECF No. 63], and Samantha Hammond [ECF No. 65], Motions to Dismiss. Defendants Calhoun, Hollabaugh, Miller, Waters, and Wiley move to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Hammond moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6). For the reasons stated below, the Court GRANTS the Defendants' Motions to Dismiss and DISMISSES the Plaintiff's claims WITH PREJUDICE.

**BACKGROUND**

Plaintiff Ricky D. Terry, proceeding pro se, has filed multiple complaints regarding an August 2015 interrogation and arrest. The Plaintiff first filed a pro se complaint on October 20, 2017 [ECF No. 1], then filed his First Amended Complaint on February 23, 2018 [ECF No. 12], a Second Amended Complaint on June 15, 2018 [ECF No. 35], and a Third Amended Complaint

on July 24, 2018 [ECF No. 45]. Across the Plaintiff's complaints, the central allegations remain the same. The Plaintiff states that Defendant Detective Lance Waters arrested him in late August 2015, accused him of molesting his daughter, and initiated "a Child in Need of Services" or "C.H.I.N.S" proceeding. (Pl.'s Third Am. Compl., at ¶¶ 1, 3, 4). The Plaintiff claims that Defendant Detective Dwight Miller attempted to have his daughter state that he molested her. (*Id.*, ¶ 2.) The Plaintiff alleges that Defendant Department of Children's Services employee, Jennifer Calhoun, was present while his daughter was coerced and intimidated into making an allegation. (*Id.*, ¶ 4.) The Plaintiff claims that Defendant Calhoun withheld documents indicating that his daughter recanted her allegations. (*Id.*) The Plaintiff states that Defendant Probation Officer Samantha Hammond was also in the room while his daughter was coerced and intimidated into making an allegation against the Plaintiff. (*Id.*, ¶ 5.) The Plaintiff alleges that Defendants Chief of Kendallville Police Department Rob Wiley and Director of the Department of Child Services of Noble County Austin Hollabaugh, negligently supervised Defendants Miller and Calhoun, respectively. (*Id.*, ¶¶ 6–7.) The Plaintiff requests damages in the amount of 1.5 million dollars. (*Id.*, at 6.)

The Defendants in this action have all filed Motions to Dismiss. Defendants Calhoun and Hollabaugh and Defendants Miller, Waters, and Wiley filed Motions to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6) on August 24 and August 29, 2018, respectively. Defendant Hammond filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) on August 30, 2018. Among other arguments, the Defendants all argue that the Plaintiff's claims are time-barred. (*See* Defs. Calhoun and Hollabaugh's Mem. in Supp. of Mot. to Dismiss at 5–7, ECF No. 57; Defs. Miller,

Waters, and Wiley's Mem. in Supp. of Mot. to Dismiss at 6, ECF No. 64; and Def. Hammond's Mem. in Supp. of Mot. to Dismiss at 3–6, ECF No. 66.)

The Plaintiff filed his oppositions to the Defendants' Motions to Dismiss on September 28, 2018 [ECF No. 75–77]. In each of his responses, the Plaintiff argues that there is no statute of limitations applicable to § 1983 actions. (*See*, *e.g.*, Pl.'s Opp. to Def. Hammond's Mot to Dismiss at 7.) The Plaintiff also argues that, regardless, the statute of limitations should be tolled because he filed a notice of a tort claim with the Indiana State Attorney General in August 2017 and the Defendants engaged in fraudulent concealment of evidence. (Pl.'s Opp. to Def. Hammond's Mot. to Dismiss at 5; Pl.'s Opp. to Defs. Calhoun and Hollabaugh's Mot. to Dismiss at 10–11; Pl.'s Opp. to Defs. Miller, Waters, and Wiley's Mot. to Dismiss at 8(A–B).)

The Defendants have all filed responses to the Plaintiff's opposition to their motions to dismiss [ECF Nos. 78–79, 81]. Defendant Hammond filed her response on October 4, 2018, Defendants Calhoun and Hollabaugh filed their response on October 9, 2018, and Defendants Miller, Waters, and Wiley filed their response on October 17, 2018. The Defendants all contend that the Plaintiff's claims are time-barred and that his claims of fraudulent concealment of evidence do not toll the applicable statute of limitations. (Def. Hammond's Resp. to Pl.'s Opp. to Mot. to Dismiss at 3–4; Defs. Calhoun and Hollabaugh's Resp. to Pl.'s Opp. to Mot. to Dismiss at 5–6; Defs. Miller, Waters, and Wiley's Resp. to Pl.'s Opp to Mot. to Dismiss at 3–4.)

## LEGAL STANDARD

Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). When considering a motion to dismiss

for lack of subject matter jurisdiction, a court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the Plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.,* 67 F.3d 605, 608. The Complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The Court understands that the Plaintiff's Complaint alleges a claim pursuant to 42 U.S.C. § 1983 resulting from his interrogation and arrest in August 2015. To state a claim under § 1983, the Plaintiff must allege (1) a deprivation of a right secured by the Constitution or laws of the United States; (2) by a person acting under color of state law. *Windle v. City of Marion, Ind.*, 321 F.3d 658, 661 (7th Cir. 2003). The Plaintiff appears to allege that the Defendants, state actors,

violated his constitutional rights when he was arrested and interrogated in August 2015. (Pl.'s Opp. to Defs. Miller, Waters, and Wiley's Mot to Dismiss at 7.)

The Plaintiff asserts that an action under 42 U.S.C. § 1983 has no statute of limitations and his complaint is timely (*Id.*, at 1.) While it is true that there is no federal statute of limitations for § 1983 actions, courts must apply the most appropriate statute of limitations. *Lovett v. Seniff*, 277 F. Supp. 2d 896, 897 (N.D. Ind. 2003). Section 1983 claims are considered as personal injury claims in determining the applicable state statute of limitations. *Campbell v. Forest Preserve Dist. of Cook Cnty., Ill.*, 752 F.3d 665, 667–68; *see also, Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("When reviewing a Rule 12(b)(6) [motion to dismiss] state law claims based on a statute of limitations, we apply state law regarding the statute of limitations and 'any rules that are an *integral* part of the statute of limitations, such as tolling and equitable estoppel." (quoting *Parish v. City of Elkhart,* 614 F.3d 677, 679 (7th Cir.2010)).[1] The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in Indiana Code 34-11-2-4. *See Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996). Section 34-11-2-4 requires an action to "be commenced within two (2) years after the cause of the action accrues." Ind. Code § 34-11-2-4.

Tort claims accrue and the statute of limitations begins to run when the plaintiff discovers, or in the exercise of ordinary diligence, could discover, that he has sustained an injury

---

[1] On December 1, 1990, Congress adopted a four-year statute of limitations for federal claims. 28 U.S.C. § 1658. However, this applies only to civil actions "arising under an Act of Congress enacted after the date of the enactment of this section." *Id.* The Supreme Court has interpreted § 1658 to apply only "if the plaintiff's claim against the defendant was made possible by a post–1990 enactment," and to leave "in place the 'borrowed' limitations periods for pre-existing causes of action." *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 382 (2004). The only post-1990 amendment to § 1983 came in 1996, when Congress limited the relief available against judicial officers. *Campbell*, 752 F.3d at 668. Therefore, with the exception of § 1983 cases brought against judicial officers, § 1983 action continue to be governed by the forum state's personal-injury statute of limitations, as opposed to § 1658's four-year statute of limitations. *Id.*

caused by another person's tortious act. *Kissinger v. Fort Wayne Cmty. Sch.*, 293 F. Supp. 3d 796, 811 (N.D. Ind. 2018) (citing *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)). The Plaintiff's own pleadings indicate that he became aware of his injury in August 2015, when he was first arrested and interrogated. (Pl.'s Third Am. Compl. at ¶¶ 1–5.) The Defendants argue that the Plaintiff's claim is therefore time-barred, as the Plaintiff first filed his original complaint on October 20, 2017.

The Seventh Circuit holds that "limitations statutes setting deadlines for bringing suit in federal court are not jurisdictional." *Miller v. Fed. Deposit Ins. Corp.*, 738 F.3d 836, 843 (7th Cir. 2013). The appropriate mechanism to dispose of a case on statute of limitations grounds is Rule 12(b)(6). *See Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F. Supp. 2d 1079, 1081 (N.D. Ind. 1999). Accordingly, the Court will not consider the Defendants Calhoun and Hollabaugh's and Defendants Miller, Waters, and Wiley's arguments that the Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1) because the Plaintiff's claims are time-barred. The Court, however, will consider all the Defendants' arguments that the Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6).

A plaintiff can plead himself out of court if he present facts that show his suit is time-barred or otherwise without merit. *Tregenza v. Great Am. Commc'ns Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1085, (1994). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock,* 549 U.S. 199, 215 (2007). "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action." *Behavioral Inst. of Ind., LLC v. Hobart City of*

*Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). A claim accrues pursuant to § 1983 when the plaintiff knows or should know that his or her constitutional rights have been violated. *Id.* The focus of the Plaintiff's claims in his complaint center upon his interview and interrogation, which the Plaintiff himself pleads occurred in August 2015, a fact he reiterates throughout various amended complaints and response to the Defendants' Motions to Dismiss. (*See*, *e.g.*, Pl.'s Opp. to Defs. Miller, Waters, and Wiley's Mot to Dismiss at 1.) The Plaintiff first filed suit in this Court on October 20, 2017, well outside the two-year statute of limitations.

The Plaintiff seeks to toll the two-year statute of limitations in two ways – he claims he filed a notice of a tort claim with the Indiana State Attorney General in August 2017 and that there was fraudulent concealment of evidence. (*Id.*, at 9.) Neither argument expands the statute of limitations for the Plaintiff's claim beyond two years.

Indiana law governs the tolling of limitation statutes under § 1983 in this case. *See Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (holding that state's law on equitable tolling applied to plaintiff's § 1983 claim.) The Plaintiff appears to argue that the filing of his notice of a tort claim with the Indiana State Attorney General in August 2017 means his federal claim is timely as this notice tolled the statute of limitations. Defendants Miller, Waters, and Wiley argue that the Plaintiff failed to file his notice of tort claim within 180 days as required by the Indiana Tort Claims Act (Ind. Code § 34-13-3-8) and his claims are procedurally barred. (Defs. Miller, Waters, and Wiley's Mot. to Dismiss at 6.)

The parties misunderstand how Indiana's Tort Claims Act interacts with § 1983 claims. Indiana's Tort Claims Act does not apply to § 1983 actions. *See McDowell v. Carroll Cnty., Ind.*, No. 2:14-CV-466, 2015 WL 2131606, at *2 (N.D. Ind. May 7, 2015) (citing *Estate of Connor v. Ambrose*, 990 F. Supp. 606, 617 (N.D. Ind. 1997)). "This is because §1983 was intended to

provide a federal remedy, independently enforceable whether or not it duplicates a parallel state remedy." *McDowell*, 2015 WL 2131606, at *2 (quoting *Craig v. Witucki*, 624 F. Supp 558, 559 (N.D. Ind. 1986)). The Defendants' argument that the Plaintiff did not timely filed a notice of tort claim with the Indiana State Attorney General is therefore irrelevant to the timeliness of his federal complaint. "Congress did not impose any procedural prerequisite for filing a [§] 1983 action and to impose state procedural requirements on a § 1983 claim would diminish the [broad] remedial purpose intended by Congress." *Craig*, 624 F. Supp. at 559–560. At the same time, the Plaintiff's argument that his filing of a notice of tort claim tolled the statute of limitations is likewise irrelevant. That he fulfilled a state law procedural prerequisite has no bearing on his statute of limitations for filing a § 1983 action in federal court.

The Plaintiff is correct that under Indiana law, statutes of limitations may be tolled due to fraudulent concealment. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) (citing *Behavioral Inst. of Ind., LLC*, 406 F.3d at 932.) In Indiana, the doctrine of fraudulent concealment is available to estop a defendant from asserting the statute of limitations when the defendant has, either by deception or by violating a duty, concealed from the plaintiff material facts, preventing the plaintiff from discovering a potential cause of action. *Logan,* 644 F.3d at 582 (citing *City of E. Chi. v. E. Chi. Second Century, Inc.*, 908 N.E.2d 611, 621–22 (Ind. 2009)).

The Plaintiff's claims, however, fail to indicate that fraudulent concealment occurred. The Plaintiff himself states that he was aware of and able to view the video of his daughter's interview approximately seven to eight months prior to the running of the statute of limitations for his § 1983 claims. (Pl.'s Opp. to Defs. Calhoun and Hollabaugh's Mot. to Dismiss at 11.) The Plaintiff has not plead any facts that indicate any of the Defendants concealed the video or

prevented him from accessing it such that he was unable to discover a potential cause of action prior to the expiration of the statute of limitations.

The Plaintiff has effectively pled himself out of this Court with the facts alleged. His pleadings indicate that his asserted injury occurred in August 2015 and his claims are ineligible for tolling. His claims are thus subject to dismissal pursuant to Rule 12(b)(6). Although leave to amend should be freely given, Fed. R. Civ. P. 15(a), that does not mean it must always be given. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Id.* Such is the case here. The Plaintiff's only claims relate to an incident outside of the statute of limitations. The Plaintiff has had multiple attempts to plead facts that would indicate his claim is not time-barred and has failed to do so. It is too late to amend to add new claims or defendants regarding the incident at the center of the Plaintiff's complaint and it would be futile to permit the Plaintiff to file yet another amended complaint.

## CONCLUSION

For the reasons set forth above, the Defendants' Motions to Dismiss the Plaintiff's Complaint [ECF Nos. 56, 63, 65] are GRANTED. Accordingly, the Plaintiff's claims against all Defendants are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM pursuant to Rule 12(b)(6).

SO ORDERED on December 3, 2018.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT